UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 1:21-cr-657-BAH |
| v. : | |
| : | |
| CODY MATTICE, and : | |
| JAMES PHILLIP MAULT, : | |
| : | |
| Defendants. : | |

## JOINT MOTION TO CONTINUE

The United States of America, by and through its undersigned counsel, and joined by the defendants, request that the status conference currently scheduled for February 4, 2022, be continued for approximately 60 days, and time be excluded under the Speedy Trial Act, 18 U.S.C. § 3161. In support of this request, the parties submit as follows:

1. On October 5, 2021, the defendants were charged by Complaint with various offenses arising out of conduct on January 6, 2021. *See* ECF No. 1.

2. On October 7, 2021, defendant Mattice was arrested in the Western District of New York and defendant Mault was arrested in the Eastern District of North Carolina. *See* ECF Nos. 5, 6. Defendant Mault was ordered detained pending trial by the local Magistrate Judge. Defendant Mattice was ordered released pretrial by the local Magistrate Judge. Following an appeal by the government, this Court ordered defendant Mattice detained pending trial *See* ECF No. 19. The defendants remain detained pending trial.

3. On November 5, 2021, a grand jury returned an Indictment charging the defendants with various offenses arising out of conduct on January 6, 2021. *See* ECF no. 29.

3. On November 12, 2021, the defendants appeared before this Court. Both parties requested an exclusion of time until February 4, 2022 for the government to provide discovery, for

the defense to review discovery, and to discuss a potential resolution of this matter. The Court granted this request and excluded time from November 12, 2021 through February 4, 2022 from under the Speedy Trial Act.

4. The government has provided both case-specific and global discovery to defense counsel. The case-specific discovery includes the FBI case files for each defendant, various videos capturing the defendants' conduct on January 6, 2021, recordings of the defendants' custodial interviews, and data obtained from their digital devices. The global discovery includes, among other items, thousands of hours of U.S. Capitol Police surveillance video and Metropolitan Police Department (MPD) body-worn camera footage, U.S. Secret Service exterior camera footage, body-worn camera footage from Fairfax County and Montgomery County police officers, 30 hours of MPD radio transmissions, U.S. Capitol Police after-action reports, and more than a hundred FBI interview of law enforcement officers about their experiences on January 6, aerial surveillance footages of the Capitol. The government has also produced documents aimed at facilitating a review of this global discovery, such as camera maps of the Capitol and the Capitol Visitor's Center, a transcript of the MPD radio transmissions, and spreadsheets to help track various videos and the locations of officers who recorded them.

5. The government has discussed a potential resolution short of trial with each defendant, and those discussions remain ongoing.

6. For reasons which the government understands have been communicated separately to the Court, counsel for defendant Mattice needs additional time to continue reviewing discovery and to discuss this matter with Mr. Mattice.

7. Accordingly, the parties now jointly move this Court to continue the status

conference, currently scheduled for February 4, 2022, to a time on or after April 4, 2022 a period of approximately 60 days. Such a continuance will allow the parties to continue discussions regarding a possible resolution of this matter short of trial. The parties have discussed potential dates and are available on April 4, 6, and 7.

6. The parties also request that time be excluded from calculation, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, until the date of the continued status conference in this matter. The parties submit that a continuance of approximately 60 days is warranted and that an order excluding time would best serve the interests and ends of justice and outweigh the interests of the public and defendant in a speedy trial pursuant to the factors described in 18 U.S.C. §3161(h)(7)(A), (B)(i), (ii), and (iv).

WHEREFORE, the parties request that this Court continue the Status Conference currently scheduled for February 4, 2022, to a date on or after April 4, 2022, a period of approximately 60 days. The parties further request that the Court toll time under the Speedy Trial Act until the new hearing date.

>Respectfully submitted,
>
>MATTHEW M. GRAVES
>United States Attorney
>D.C. Bar No. 481052
>
>By:   /s/ Michael J. Romano
>      MICHAEL J. ROMANO
>      IL Bar No. 6293658
>      Trial Attorney, Detailee
>      555 4th Street, N.W.
>      Washington, D.C. 20530
>      Telephone No. (202) 307-6691
>      michael.romano@usdoj.gov